## BRETNEY v. JONES.

Objections to the sufficiency of an attachment bond are cured by statute, on filing a sufficient bond within a reasonable time after the objections are raised; but such objections cannot be originally urged in the supreme court.

A substantial compliance with the statute is sufficient in notifying an absent debtor of attachment proceedings against his goods, if the requisite notice is published within thirty days after the advertisement is delivered to the plaintiff.

Though the statute regulating proceedings *in rem* should be strictly pursued, still the strictness should not be such as to suspend the law, and leave the attaching creditor remediless.

ERROR, *to Henry District Court.*

This was an action of assumpsit and attachment. The attachment bond appears to have been filed on the 31st July, 1845; but was approved by the clerk of the Des Moines district court, instead of the clerk of Henry district court. Notice of the proceedings was published in the Territorial Gazette, as appears by the publishers' sworn certificate, for six ·consecutive weeks after the March term of 1846, of the district court of Henry county. Proof of publication was filed, and the plaintiff recovered judgment at the following September term of said county. The writ of attachment was returned, and declaration filed at the October term, 1845; but the order of publication was not made till the March term, 1846. It is objected that the plaintiff was not sufficiently vigilant in publishing notice of the pendency of the suit; that the order should have been made at the October term, 1845, and that the notice should have been published within thirty days thereafter. *Rev. Stat.* 81, §§ 20, 21. The time of holding court in Henry county was changed by the legislature in January, 1846.

*M. D. Browning,* for the plaintiff in error.

*J. C. Hall* and *H. W. Starr,* for the defendant.

*Opinion by* HASTINGS, C. J. The objections to the suffi-

Bretney *v.* Jones.

ciency of the bond in this case are cured by the 34th section of the act regulating writs of attachment, which provides that no writ of attachment shall be quashed on account of any insufficiency in the bond, provided a sufficient bond be filed within a reasonable time after objections taken.

The record does not show that objections ever were taken in the court below; and if the bond be now insufficient, the party must seek his remedy against the clerk. As to the publication of notice, it seems the plaintiff was as vigilant as creditors usually are in prosecuting demands to judgment, and that he substantially complied with the law.

The plaintiff should not have been sent out of court by reason of the intervening acts of the legislature changing the time of holding courts.

Nothing has been more common under our territorial legislature than acts of the kind; and if such acts were construed strictly, such construction would probably result in a suspension of the laws for the collection of debts against non-resident debtors. We admit the doctrine claimed, that proceedings *in rem*, under a statute, should strictly comply with the requisition of the same; but the strictness should not be such as to suspend the law, and leave an attaching creditor remediless, or of putting him out of court with cost. While a court will vigilantly protect a debtor against the injury of an attachment illegally prosecuted, the creditor ought to be protected, if he substantially comply with the requisitions of the law. We think therefore the objections as to the notice are not well taken, that the defendant cannot have suffered from the delay, and that the 21st section of the attachment act does not require the notice to be published within thirty days after the return term of the court, but thirty days after the advertisement shall have been delivered to the plaintiff.

The judgment is substantially a judgment *in rem*, the sum recovered seems to be for the amount sworn to in the affidavit, and interest thereon to the time of rendition of the same, which was correct.

Judgment affirmed.